IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PATRICIA A. KING,** | * |
| Plaintiff, | * |
| v. | *   Case No.: RWT 11cv00127 |
| **PFIZER PHARMACEUTICAL COMPANY, INC.,** | * |
| Defendants. | * |

## MEMORANDUM OPINON

Plaintiff Patricia King ("King"), brings this *pro se* products liability action against Defendant Pfizer Pharmaceutical Company, Inc. ("Pfizer"). Pfizer moves to dismiss the complaint with prejudice pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court will grant Defendant's Motion to Dismiss.

## FACTS

In 2007, King was prescribed Lipitor by her primary physician and immediately began taking the recommended dosage. *See* Compl., ECF No. 2, at 2. In December 2009, King began to experience pain and numbness in her legs and weakness in her arms and legs. *Id.* The pain continued to worsen and became so severe that she could not walk or move without extreme pain. *Id.* After visiting the emergency room on December 7, 2009, King began researching the side effects of her medications and determined that Lipitor was the only medication that had the side effects matching her symptoms. *Id.* at 2-3. After determining that Lipitor was the cause of

her pain, King stopped taking the medication, and the pain gradually lessened. *Id.* at 3. The pain has not been entirely eliminated; King alleges that the weakness and numbness still persist. *Id*.

King seeks damages from Pfizer for her economic, physical and emotional harm. *Id*. She argues that Pfizer is liable to her because the company placed drugs into the marketplace knowing that the drugs could cause serious harm even if taken as prescribed. King maintains that Pfizer should compensate all patients who suffer adverse consequences from taking prescription medications. *Id.*

## PROCEDURAL HISTORY

King filed a complaint in the Circuit Court for Prince George's County Maryland on December, 7, 2010. *See* Compl. at 1. On January 14, 2011, Pfizer filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1. On January, 21, 2011 Pfizer filed a Motion to Dismiss, Def.'s Mot. to Dismiss, ECF No. 6, which King opposed, ECF No. 13. Pfizer argues that King cannot recover under any products liability cause of action under Maryland state tort law and that its warning labels were adequate as a matter of law. Def.'s Mot. to Dismiss at 4-5.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss a claim or claims asserted in a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court declared that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court clarified, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." -- U.S. --, 129 S.Ct.

1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.")).

The Court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, *see Lambeth v. Bd. of Comm'rs of Davidson County*, 407 F.3d 266, 268 (4th Cir. 2005), in determining whether Plaintiff stated an actionable legal claim. Nevertheless, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).

## **ANALYSIS**

In her Complaint, King asserts that Pfizer must compensate patients who suffer serious adverse consequences from taking Lipitor as prescribed. *See* Compl. at 3. Products liability actions typically arise under three types of claims: design defect, manufacturing defect, or failure to warn. *See Simpson v. Standard Container Co.* 72 Md. App. 199, 203 (1987). Design defect claims are generally incompatible with actions concerning prescription medications because these medications are thought to be "unavoidably unsafe." *See Fellows v. USV Pharmaceutical Corp.*, 502 F.Supp. 297, 299 (D. Md. 1980) ("The reason why certain drugs are available only by prescription is that their use is not completely safe.").

King did not designate a specific theory of recovery for this products liability action in her complaint. However, in her response in opposition to Pfizer's Motion to Dismiss, King

clarifies that she is asserting a failure to warn claim. Pl.'s Opp'n. to Def.'s Mot. to Dismiss at 2. In support of this claim, King argues that Pfizer is liable to her because *she* did not have access to information concerning the side effects she later experienced at the time she began taking the medication. *See id.* at 3. King also asserts that Pfizer's past improper sales, marketing and advertising practices "undermine[s] the role of the 'learned intermediary' and the Defendant's reliance on it[s] warning labels for protection as a matter of law." *See id.*

King fails to state a claim upon which relief can be granted under either theory of liability. In analyzing King's claim, the Court must apply Maryland law.[1] Under Maryland state tort law, "[T]he 'learned intermediary' doctrine…provides that manufacturers need only warn the prescribing physician and not the patient directly." *Ames v. Apothecon, Inc.*, 431 F. Supp. 2d 566, 572 (D. Md. 2006). "[T]he physician [acts as] a "learned intermediary" between the manufacturer and the consumer because he is in the best position to understand the patient's needs and assess the risks and benefits of a particular course of treatment." *Lee v. Baxter Healthcare Corp.*, 721 F. Supp. 89, 95 (D. Md. 1989). Thus, "the doctrine protects a manufacturer from liability provided the doctor has been sufficiently warned…" *Ames*, 431 F. Supp. 2d at 572.

King's first rationale in support of her failure to warn claim is that, "she [King] had not had access to [information] at a time when its importance could be evaluated." *See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 3. Yet, under the learned intermediary doctrine, "[i]f the prescribing physician has received adequate notice of possible complications, the manufacturer has no duty to warn the consumer." *Lee*, 721 F. Supp. at 95; *see also Fellows*, 502 F. Supp. at 299 ("Absent special circumstances … there is no duty to warn the ultimate consumer of the possible dangers

---

[1] This is a diversity action. Accordingly, the law of Maryland, where the injury occurred, applies. *See Foster v. American Home Products Corp.*, 29 F.3d 165, 171 (4th Cir. 1994). King resides in Prince George's County, Maryland and all actions relevant to this complaint took place in Maryland. Compl. at 1.

associated with prescription drugs."). It is evident from King's response brief that she had conversations with her treating physician about possible side effects of Lipitor, one of those side effects being leg pain. *See* Pl.'s Resp. at 3. Thus, King fails to state a cognizable failure to warn claim because (1) there is no legal duty for a manufacturer of a prescription drug to directly inform the consumer of possible side effects, and (2) her physician was clearly informed of the risks and side effects of taking Lipitor.

The thrust of King's second theory appears to be that Pfizer's past violations of FDA guidelines hinders Pfizer's ability to adequately warn physicians of the risks and side effects of its products, thereby "undermin[ing] the role of the learned intermediary." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 3. In support of this position, King attaches five exhibits highlighting Pfizer's past allegedly improper marketing, sales and advertising practices for a variety of medications. King argues that Pfizer's strategy to "expand sales rather than safeguard the health of patients . . . resulted in injury to [her]." *Id.* at 6.

Unfortunately for King, the attached exhibits have no discernable relevance to her individual claim, nor the prescribed medication and time period at issue, 2007 though 2009. *See id.* at ex. A-E. Moreover, to state a cognizable claim, King must at the very least support her conclusory allegations with factual content allowing the Court to draw a reasonable connection between these past wrongdoings and her own cause of action. *See Iqbal*, 129 S. Ct. at 1949. Here, King does not even attempt to show how Pfizer's past improper practices affected *her own physician's* ability to understand the risks and side effects associated with Lipitor, nor does it appear that she reasonably could have. Rather, as discussed above, King appears to concede that her doctor understood the risk of the potential side effects of Lipitor and even discussed those

risks with her. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 3. Accordingly, King's apparent attempt to sidestep the "learned intermediary" doctrine must fail.

## **CONCLUSION**

In sum, the Court concludes that King has failed to state a cognizable claim under Maryland state tort law and Pfizer is therefore entitled to dismissal of all claims.[2] Pfizer's Motion to Dismiss will be granted.

A separate Order follows.

Date: July 22, 2011

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court concludes that Pfizer is entitled to dismissal of all claims for the reasons stated above, the Court declines to address Pfizer's argument that its warning label was adequate as a matter of law.